1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7   EDWARD E. WEED,

8                        Plaintiff,          NO:  13-CV-0379-TOR

9         v.                                 ORDER ON CROSS MOTIONS FOR
                                             SUMMARY JUDGMENT
10  CAROLYN W. COLVIN, Acting
    Commissioner of Social Security
11  Administration,

12                       Defendant.

13        BEFORE THE COURT are Plaintiff's Motion for Summary Judgment (ECF

14  No. 14) and Defendant's Motion for Summary Judgment (ECF No. 19).  Plaintiff

15  is represented by Joseph M. Linehan.  Defendant is represented by Diana

16  Andsager.  This matter was submitted for consideration without oral argument.

17  The Court has reviewed the administrative record and the parties' completed

18  briefing and is fully informed.  For the reasons discussed below, the Court grants

19  Defendant's motion and denies Plaintiff's motion.

20

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited:  the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158–59 (9th Cir. 2012). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation marks and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation marks and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 2

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)–(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 3

1  "substantial gainful activity," the Commissioner must find that the claimant is not

2  disabled.  20 C.F.R. § 416.920(b).

3       If the claimant is not engaged in substantial gainful activities, the analysis

4  proceeds to step two.  At this step, the Commissioner considers the severity of the

5  claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

6  "any impairment or combination of impairments which significantly limits [his or

7  her] physical or mental ability to do basic work activities," the analysis proceeds to

8  step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

9  this severity threshold, however, the Commissioner must find that the claimant is

10  not disabled.  *Id.*

11       At step three, the Commissioner compares the claimant's impairment to

12  several impairments recognized by the Commissioner to be so severe as to

13  preclude a person from engaging in substantial gainful activity.  20 C.F.R.

14  § 416.920(a)(4)(iii).  If the impairment is as severe as or more severe than one of

15  the enumerated impairments, the Commissioner must find the claimant disabled

16  and award benefits.  20 C.F.R. § 416.920(d).

17       If the severity of the claimant's impairment does meet or exceed the severity

18  of the enumerated impairments, the Commissioner must pause to assess the

19  claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

20  defined generally as the claimant's ability to perform physical and mental work

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 4

activities on a sustained basis despite his or her limitations, 20 C.F.R.

§ 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing work that he or she has performed in

the past ("past relevant work").  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is

capable of performing past relevant work, the Commissioner must find that the

claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of

performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing other work in the national economy.

20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner

must also consider vocational factors such as the claimant's age, education and

work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

Commissioner must find that the claimant is not disabled.  20 C.F.R.

§ 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the

analysis concludes with a finding that the claimant is disabled and is therefore

entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above.

*Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

the analysis proceeds to step five, the burden shifts to the Commissioner to

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 5

establish that (1) the claimant is capable of performing other work; and (2) such

work "exists in significant numbers in the national economy."  20 C.F.R.

§ 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ FINDINGS

Plaintiff filed an application for supplemental security income on March 29,

2011, alleging that he became disabled on December 29, 2003.[1]  Tr. 169–77.

Plaintiff's supplemental security income application was denied initially and it was

denied upon reconsideration.  Tr. 116–19, 125–31.  Plaintiff requested a hearing

before an ALJ which was held on June 27, 2012.  Tr. 38–85.  The ALJ denied

Plaintiff's application for supplemental security income on July 27, 2012,

concluding that Plaintiff was not disabled under the Act.  Tr. 21–33.

At step one, the ALJ found that Plaintiff had not engaged in substantial

gainful activity since March 11, 2011, Plaintiff's amended onset date.  Tr. 23.  At

step two, the ALJ found that Plaintiff had severe impairments consisting of HIV,

osteoarthritis of the left shoulder and of the right thumb, and lower extremity

peripheral neuropathy.  Tr. 23–29.  At step three, the ALJ found these

impairments, individually or in combination, did not medically meet or exceed a

---

[1] During his hearing with the ALJ, Plaintiff amended his onset date to March 11, 2011.  Tr. 42.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 6

1    listed impairment.  Tr. 29.  The ALJ then determined that Plaintiff had the RFC to

2       to perform light work as defined in 20 CFR 416.967(b) that does not
        require climbing ropes, ladders, or scaffolds, or more than occasional
3       overhead reaching or occasional pushing and pulling with the left
        upper extremity.  He should engage in no more than frequent gross
4       and fine manipulation with the left hand.

5    Tr. 29.  At step four, the ALJ found that Plaintiff was able to perform past relevant

6    work as a cashier or telemarketer.  Tr. 32.  The ALJ concluded that Plaintiff was

7    not disabled on that basis and denied Plaintiff's claim without proceeding to step

8    five.  Tr. 33.

9        On August 13, 2012, Plaintiff requested review of the ALJ's decision by the

10   Appeals Council.  Tr. 15–16.  The Appeals Council denied the request on

11   September 5, 2013, Tr. 1–7, making the ALJ's decision the Commissioner's final

12   decision subject to judicial review.  42 U.S.C. §§ 405(g), l 383(c)(3); 20 C.F.R.

13   §§ 416.1481, 422.210.

14                                DISCUSSION

15       Plaintiff seeks judicial review of the Commissioner's final decision denying

16   his supplemental security income under Title XVI of the Social Security Act.

17   Plaintiff contends that the ALJ failed to properly consider and reject the medical

18   opinions of Dr. Mirko Zugec and William Greene, Ph.D.  Plaintiff contends

19   further, that the ALJ erred in concluding that Plaintiff did not have more extensive

20   limitations to his ability to work.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 7

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001) (brackets in original) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)).  "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.*  "In addition, the regulations give more weight to opinions that are explained than to those that are not . . . and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).  A physician's opinion may be entitled to little if any weight, when it is an opinion on a matter not related to her or his area of specialization. *Id.* at 1203, n.2 (citation omitted).

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).  If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  "If a treating or examining doctor's opinion is contradicted by another

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 8

doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester*, 81 F.3d at 830-31). However, the ALJ need not accept a physician's opinion that is "brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted). An ALJ may also reject a treating physician's opinion which is "based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (internal and quotation and citation omitted).

### Dr. Greene

William Greene, Ph.D., performed psychological examinations of Plaintiff on July 1, 2010, and January 18, 2011.[2] On January 18, 2011, Dr. Greene

---

[2] The ALJ did not separately discuss Dr. Greene's 2010 report. However, Dr. Greene's 2011 report reaches the same conclusions as the 2010 report (including use of identical language in many places). More recent medical reports are more probative, *see Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001), and the ALJ took note of Dr. Greene's previous evaluation in the decision. Tr. 24 ("Dr. Greene reported he had previously evaluated the claimant in July 2010."). Given the highly duplicative nature of the two reports, the ALJ's awareness of both examinations, and the ALJ's thorough evaluation the more recent report, the ALJ's

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 9

concluded that Plaintiff suffered from: major depressive disorder, single episode, moderate; methamphetamine dependence, sustained full remission; alcohol dependence, sustained full remission; antisocial personality disorder; and health problems related to his HIV status. Tr. 24, 277. Dr. Greene found Plaintiff moderately limited in his abilities to understand, remember, and persist in tasks, to learn new tasks, and to be aware of hazards. Tr. 277–78. Plaintiff was markedly limited in his ability to perform routine tasks without supervisions because his "motivation is low, and he lacks interest; would be likely to need considerable supervision." Tr. 278. Plaintiff's MMPI-2 Profile indicated over-reporting of symptoms. Tr. 280.

Plaintiff argues the ALJ did not provide specific and legitimate reasons to reject Dr. Greene's opinion in favor of that of Dr. Margaret Moore, a medical expert in psychology who testified at Plaintiff's hearing. Dr. Moore opined that the evaluations of Plaintiff indicated over-reporting and exaggeration of his symptoms. Tr. 27, 58, 260, 280. It was Dr. Moore's opinion that none of the evidence established a diagnosis for a major depressive disorder. Tr. 27, 58. Instead, Dr. Moore suggested that the record indicated dependency issues and

order sufficiently evaluated the probative aspects of Dr. Greene's opinion, as they were expressed in a substantially identical way in both reports.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 10

ongoing substance abuse, but no significant psychological impairments.  Tr. 28, 59–60.

Dr. Moore's conclusions contradicted those of Dr. Greene.  It is the ALJ's duty to resolve conflicts in the medical testimony.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  An ALJ may reject an examining psychologist's opinion if the ALJ gives specific and legitimate reasons to reject it in favor of a reviewing expert's contradicting opinion.  *Bayliss*, 427 F.3d at 1216.  The ALJ gave Dr. Moore's opinion substantial weight because she examined the entire longitudinal record and provided a well-explained basis for her conclusion that the record did not contain evidence to support diagnosis of significant mental impairments.  Tr. 28.  The ALJ afforded no weight to Dr. Greene's opinion because Dr. Greene himself observed that Plaintiff was "'not very interested in counseling or returning to work,' implying an act of will rather than difficulties related to mental illness."  Tr. 28, 278.  The ALJ found this lack of motivation to return to work influenced Plaintiff's answers during his examination with Dr. Greene.  Tr. 31.  The ALJ did not find Plaintiff's statements concerning his symptoms credible, Tr. 30, a finding Plaintiff has not disputed.  An ALJ may properly reject a medical opinion based upon self-reporting by a claimant who has been found to be incredible.  *Tommasetti*, 533 F.3d at 1041.  The ALJ concluded that the results of Plaintiff's examination did not support Dr. Greene's conclusions.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 11

1    The ALJ provided specific and legitimate reasons to adopt Dr. Moore's opinions

2    over the contradicting opinions of Dr. Greene.

3                                      **Dr. Zugec**

4           Dr. Mirko Zugec was Plaintiff's treating physician at the Community Health

5    Association of Spokane.  Plaintiff cites two opinions amidst Dr. Zugec's prepared

6    reports as support for his alleged disability, and argues the ALJ improperly

7    discounted these opinions.  ECF No. 14 at 8–9.  In February 2011, Dr. Zugec filled

8    out a form to discharge Plaintiff's student loans.  Tr. 305.  On that form, Dr. Zugec

9    opined that Plaintiff suffered moderate limitations from depression, mood swings,

10   and HIV.  Tr. 306.  Dr. Zugec stated that Plaintiff could sit, stand, walk, or lift less

11   than two hours a day.  *Id*.  Dr. Zugec also opined that Plaintiff was limited to

12   minimal activity and that he does "not mix well with others."  *Id.*  No further

13   information was provided on the form.

14          In June 2011, Dr. Zugec completed a "medical source statement of ability to

15   do work-related activities."  Tr. 464.  In that form, Dr. Zugec opined that Plaintiff

16   could lift up to 50 pounds and carry up to 20 pounds occasionally.  Dr. Zugec also

17   opined that Plaintiff could sit for ten minutes without interruption and could stand

18   or walk for twenty minutes without interruption, for a total of one hour each of

19   sitting, standing, or walking in an eight-hour day.  Tr. 465.  The rest of the day,

20   Plaintiff would need to be laying down to rest.  Dr. Zugec also indicated that he

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 12

believed Plaintiff was limited to occasional use of his right hand because of chronic pain and a dislocation of his right thumb. Tr. 466. Plaintiff is left handed. *Id.* Finally, Dr. Zugec offered the opinion that Plaintiff could only occasionally climb stairs, balance, stoop, kneel, crouch, and crawl, but never climb ladders or scaffolding. Tr. 467. The form did not offer any explanations for the proffered limitations.

Plaintiff contends that Dr. Zugec's opinions were improperly discounted against the opinions of Dr. Sterling Moore, a medical expert in internal medicine who testified at Plaintiff's hearing. ECF No. 14 at 9. Dr. Moore testified that aside from a single mention in one of Dr. Zugec's notes from December 2011, Tr. 449 ("Physically, pt reports unable to work due to SE's HIV meds."), he did not find any evidence in the record that Plaintiff suffered significant side effects from his HIV medications. Tr. 45. Dr. Moore also critiqued Dr. Zugec's opinion that Plaintiff was limited in his sitting, standing, and walking to an hour of each in an eight-hour day. He observed that there were no notes in Plaintiff's medical files that would support this conclusion. Tr. 47. Dr. Zugec opined that while Plaintiff suffered some lower extremity neuropathy, he could still perform light work while sitting, standing, and walking up to six hours each in a day. Tr. 45–47. Finally, Dr. Zugec concluded that Plaintiff had some manipulation problems with his left arm and hand.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 13

1    Dr. Moore's opinion partially contradicted that of Dr. Zugec.  The ALJ's

2  task was to resolve this conflict.  *Andrews*, 53 F.3d at 1039.  In weighing the

3  competing testimony, the ALJ concluded that Dr. Zugec's opinion could not be

4  given great weight because his own treatment notes did not substantiate the

5  complaints of significant side effects from Plaintiff's HIV medications of which

6  Plaintiff testified at the hearing.  Tr. 31.  The Court's independent review of the

7  record confirms that Dr. Zugec's opinions were not based upon objective clinical

8  findings in the record.  An ALJ does not error in rejecting the opinions of treating

9  physicians that are "brief, conclusory and inadequately supported by clinical

10  findings."  *Bray*, 554 F.3d at 1228.  The ALJ offered specific and legitimate

11  reasons to weigh Dr. Moore's testimony over that of Dr. Zugec.  Accordingly, the

12  Court must uphold the ALJ's conclusion.

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 14

**IT IS HEREBY ORDERED:**

    1.  Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED.**

    2.  Defendant's Motion for Summary Judgment (ECF No. 19) is

       **GRANTED.**

    The District Court Executive is hereby directed to file this Order, enter

**JUDGMENT** for Defendant, provide copies to counsel, and **CLOSE** the file.

    **DATED** December 16, 2014.



THOMAS O. RICE
United States District Judge

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 15